### RICE & HUTCHINS, Inc., v. VERA SHOE CO., Inc.

(Circuit Court of Appeals, Second Circuit. April 2, 1923.)

#### No. 227.

1. **Trade-marks and trade-names and unfair competition ☞75—"Unfair competition" not necessarily involving misleading of particular person.**

To constitute "unfair competition," the law does not require that any particular person shall have been actually misled; but if the natural and probable result of defendant's conduct would be to lead the public to purchase its goods in the belief that they were complainant's, such conduct would deceive the ordinary buyer making his purchases under ordinary conditions and is in law "unfair competition."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unfair Competition.]

2. **Trade-marks and trade-names and unfair competition ☞70(3)—Adoption of corporate name simulating popular trade-name of competitor unfair competition.**

Where a shoe manufacturer had for many years marketed its product under the trade-mark "Vera," the adoption by defendant, a competing shoe manufacturer in competitive territory, of the corporate name "Vera Shoe Company, Inc.," must be *held* to constitute unfair competition.

3. **Trade-marks and trade-names and unfair competition ☞31—Protection of trade-mark dependent on trade.**

The adoption of a trade-mark does not project the right of protection, in absence of the extension of the trade, nor operate as a claim of territorial rights over areas into which it thereafter may be deemed desirable to extend the mark owner's trade; but wherever the trade goes, attended by the use of the mark, the right of the trader to be protected against the sale by others of their wares in the place of his wares will be sustained, the owner of the trade-mark, however, unlike the owner of a patent, not being entitled to protection on the theory that he has a monopoly.

4. **Trade-marks and trade-names and unfair competition ☞97—Injunction to protect trade-mark not denied, because complainant not entitled to accounting.**

Where proof of infringement is clear, equity will not refuse injunction for the future protection of the proprietor of a trade-mark right, even though such proprietor be not entitled to an accounting for past profits of the infringer.

5. **Trade-marks and trade-names and unfair competition ☞93(1)—Past acts of unfair competition sufficient to warrant assumption of continuance of such acts warranting injunction.**

Where a boot and shoe manufacturer for many years had marketed his product under the trade-mark "Vera," and defendant Vera Shoe

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Company had sent its salesmen into territory in which the products of complainant were sold, it will be assumed that, if unrestrained, the defendant will pursue its business to the injury of complainant, and danger of injury is sufficient ground for the restraining arm of a court of equity.

6. **Trade-marks and trade-names and unfair competition ☞97—Bankruptcy proceedings against defendant no ground for not issuing injunction.**

In a suit for infringement of trade-mark and unfair competition, consisting of the use of complainant's trade-mark as part of defendant's corporate name, the fact that defendant's assets are in charge of a trustee in bankruptcy is no ground for denying injunction, otherwise proper, since a sale of the property in bankruptcy would include the assets, good will, and corporate name.

Mayer, Circuit Judge, dissenting.

Appeals from the District Court of the United States for the Eastern District of New York.

Suit in equity by Rice & Hutchins, Inc., against the Vera Shoe Company, Inc., for infringement of trade-mark and unfair competition. Decree for defendant, and plaintiff appeals. Reversed.

Lesser Brothers, of New York City (William Lesser and Benjamin Lesser, both of New York City, of counsel), for appellant.

Charles F. Murphy, of New York City (Charles Marvin, of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. The appellant alleges that for 50 years it and its predecessors have been engaged in the business of manufacturing and selling boots and shoes, and that it had established a reputation for quality of its products with the public and the trade, and says that it secured a trade-mark of the name "Vera" for use on boots, shoes, slippers, and ties made partly or wholly of leather, and that it registered the same in the United States Patent Office, receiving a grant of trade-mark on October 13, 1903, under No. 41,276 and on August 7, 1906, under No. 55,041. This trade-mark it now owns, and has registered a similar trade-mark in some 51 foreign countries, either causing it to be registered in its name or that of its associates. It does a large business throughout the United States, as well as in foreign countries, and sells shoes bearing the brand name "Vera."

The appellee adopted, by incorporation under the laws of the state of New York, on May 14, 1920, the name of "Vera Shoe Company, Inc." It is engaged in business in Brooklyn, N. Y. The charge is that, because of the use of the word "Vera" in its corporate name and the use of it in the sale of its shoes, confusion has occurred and is likely to occur with loss to the appellant. It alleges that this competition in trade is unfair, and prays that it may have a decree against the appellee, its officers and agents, perpetually enjoining it from using the corporate name of "Vera Shoe Company, Inc.," or any similar name, on its stationery, signs, checks, or manufactured products. Since 1907, the appellant has exclusively used the name "Vera" stamped on its shoes and products, and the proof shows that in 1920 it did

a gross business of approximately $600,000. Its factory is in Massachusetts.

Before the commencement of this suit, the appellant demanded that the appellee discontinue the use of the name "Vera" in its corporate name. The appellee declined to do so, but thereafter did add on its letter and bill heads, "This firm not connected with any other concern." There is evidence that the appellee did imprint the name "Vera" on a stock lining and on samples; some 20 or 30 sample pairs. The reason therefor is given as "just to introduce our line." They have a machine with which they stamp the names of their retail dealer on the product. They also stamped, "Made by Vera Shoe Company." Sometimes their salesmen took out the stamped shoes and showed them to the trade, stamped with the name "Vera Shoe Company." There is evidence that shoes were exhibited and business was solicited in Baltimore, Philadelphia, and Washington, and in Texas. While the evidence of sales or efforts to sell is somewhat meager, still the company was new in the business at the time of the commencement of this action, and there were efforts made to sell, using the name "Vera," and using the phrase "Made by Vera Shoe Company." We think that the use of the word "Vera" was calculated to deceive the trade and purchasing public, and, if continued, would result in confusion and loss to the appellant and the consuming public, and the purchasing public would be confused as to the manufacturer of shoes bearing the imprint "Vera" or "Made by Vera Shoe Company."

[1, 2] The law does not require that any particular person has been actually misled. Scandinavia Belting Co. v. Asbestos & Rubber Works, 257 Fed. 937, 169 C. C. A. 87; Willys-Overland Co. v. Akron-Overland Tire Co., Inc. (D. C.) 268 Fed. 151; Bissell Chilled Plow Works v. T. M. Bissell Co. (C. C.) 121 Fed. 357. If the natural and probable result of the appellee's conduct would be to lead the public to purchase its goods in the belief that they were the appellant's, such conduct would deceive the ordinary buyer making his purchases under ordinary conditions, and is in law unfair competition. Miller Rubber Co. v. Behrend, 242 Fed. 515, 155 C. C. A. 291. Therefore, adopting the word "Vera" in its corporate name, which is an arbitrary selection, the appellee must be held to have intended the natural consequences of its act. It is very likely that appellee's shoes would soon become known as "Vera" shoes, with the resulting confusion. We are referred to the case of United Drug Co. v. Rectanus Co., 248 U. S. 90, 39 Sup. Ct. 48, 63 L. Ed. 141, as an authority against the appellant's claims. There it was said:

"There is no such thing as property in a trade-mark, except as a right appurtenant to an established business or trade in connection with which the mark is employed. The law of trade-marks is but a part of the broader law of unfair competition; the right to a particular mark grows out of its use, not its mere adoption. Its function is simply to designate the goods as the product of a particular trader and to protect his good will against the sale of another's product as his; and it is not the subject of property, except in connection with an existing business."

[3] The adoption of a trade-mark does not project the right of protection in advance of the extension of the trade, or operate as a claim

of territorial rights over areas into which it thereafter may be deemed desirable to extend the mark owner's trade. Wherever the trade goes, attended by the use of the mark, the right of the trader to be protected against the sale by others of their wares in the place of his wares, will be sustained. But the owner of a trade-mark, unlike the proprietor of a patent, may not prohibit upon the theory that he has a monopoly. United States v. Bell Telephone Co., 167 U. S. 224, 17 Sup. Ct. 809, 42 L. Ed. 144; Paper Bag Patent Case, 210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122.

[4, 5] Where the proof of infringement is clear, a court of equity will not refuse an injunction for the future protection of the proprietor of a trade-mark right, even though it might appear that he is disentitled to an accounting for the past profits of the infringer. The appellant has used the trade-mark "Vera" for 17 years upon its products, manufactured in Massachusetts and sold throughout the United States. The appellee was organized in 1920, and sold shoes in territory contiguous to that in which the appellant's shoes were sold. They sent salesmen south and west, and although it has not sold in Massachusetts, it has covered territory wherein the shoes of the appellant were sold. We must assume that, if unrestrained, the appellee will pursue its business to the injury of the appellant and danger of injury is sufficient ground for the restraining arm of the court of equity. Von Munn v. Frash (C. C.) 56 Fed. 837.

[6] It is true that at the present time the assets of the appellee are in charge of a trustee in bankruptcy, but there may be a sale of the property, which would include the assets and its good will and the corporate name, which includes the word "Vera," which may be deemed an asset of the corporation. The use of the word in the name of the corporation which infringes a trade-mark, or which, of itself, constitutes unfair competition, or which of itself may be a source of unfair competition, will be enjoined by a court of equity. Bates Mfg. Co. v. Bates Numbering Machine Co. (C. C.) 172 Fed. 892. We think it was error to deny the relief prayed for below.

Decree reversed.

MAYER, Circuit Judge (dissenting). I agree with the view of the facts entertained by the District Court, and hence that the case is ruled by United Drug Co. v. Rectanus Co., 248 U. S. 90, 39 Sup. Ct. 48, 63 L. Ed. 421. I think the decree below was right.