### COCA-COLA CO. v. BOAS.

District Court, D. Idaho, S. D.    July 21, 1928.

No. 1326.

1. **Trade-marks and trade-names and unfair competition ☞69—To establish unfair competition, actual fraudulent intent need not be shown, if necessary and probable tendency of defendant's conduct is to deceive public.**

In dealing with question of unfair competition, actual fraudulent intent need not be shown, where necessary and probable tendency of defendant's conduct is to deceive public and pass off his goods as those of plaintiff.

2. **Trade-marks and trade-names and unfair competition ☞70(2, 3)—"Unfair competition" ordinarily consists in imitating business rival's names or devices, to induce purchase of imitator's goods in belief that they are rival's.**

"Unfair competition" ordinarily consists in imitating names or devices employed by a business rival for purpose of inducing purchasing public to buy imitator's goods in belief that they are such rival's goods.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unfair Competition.]

3. **Trade-marks and trade-names and unfair competition ☞68(2)—One selling other beverages than Coca-Cola on calls for "Coke" held guilty of "unfair competition."**

The word "Coke" having acquired a secondary meaning for trade-name "Coca-Cola," one selling another beverage to customers calling for "Coke," with knowledge that they were seeking to purchase Coca-Cola, is guilty of unfair competition, against which an injunction may be granted.

4. **Trade-marks and trade-names and unfair competition ☞68(2)—One selling another product than that called for by name given it by general public in lieu of its trade-name is guilty of unfair competition, which will be enjoined.**

Where general public has given product another name than its trade-name, one serving another product, on customers' calls for former product by such other name, is guilty of unfair competition, against which protection by injunction will be granted.

In Equity. Suit by the Coca-Cola Company against Alexander Boas, an individual trading as the Boas Kandy Kitchen. Decree for plaintiff.

Hawley & Hawley, of Boise, Idaho, and Harold Hirsch and Frank Troutman, both of Atlanta, Ga., for plaintiff.

Oppenheim & Lampert and E. O. Smith, all of Boise, Idaho, for defendant.

CAVANAH, District Judge. This is a suit in equity to enjoin the defendant from infringing upon the trade rights of plaintiff, to prevent unfair competition, and for an accounting. The cause is submitted upon the pleadings and stipulations of facts, and the solution of the case depends upon the application of the evidence as disclosed by the stipulations to the controlling cases which announce the law. The record is short and the salient facts are fairly simple and not involved. They run thus:

The plaintiff, Coca-Cola Company, is a corporation organized under the laws of Delaware, and is engaged in the manufacture and sale of a beverage made under the trademark "Coca-Cola." Continuously from the

year 1886 to the present time plaintiff and its predecessors in business have, to the exclusion of others, used the name "Coca-Cola" as a trade-mark, distinguishing its product from the product of all other manufacturers, and the name "Coca-Cola" has for many years been universally recognized as indicating the plaintiff's product. By proper manufacturing methods and extensive advertisement throughout the United States and foreign countries plaintiff has enjoyed a very large sale of its product, and has established a valuable reputation therefor. Its product is sold by it in bulk, to be dispensed as Coca-Cola over soda fountains and in bottles, and every package shipped by it, and every bottle has upon it the name "Coca-Cola."

The defendant, Alexander Boas, is an individual trading as Boas Kandy Kitchen in Boise, Idaho, and has for some time been operating a soda fountain, and is advised of plaintiff's rights and the large public demand for Coca-Cola. At his place of business, in response to orders for "Coke," he sells and delivers, without the permission of the plaintiff, a product that is not the product of plaintiff, as it is made from an extract purchased by him from the "Afri-Kola" Company, and from which he makes a drink somewhat similar to and a colorable imitation of plaintiff's product known as "Coca-Cola." Customers who desire and expect to receive Coca-Cola at soda fountains and drug stores generally—including Boise—very frequently call for "Coke," and the public generally designate the product known and advertised as Coca-Cola and manufactured by plaintiff as "Coke," and upon calls for "Coke" the dispensers of soft drinks at soda fountains and drug stores serve the product known as "Coca-Cola," which is not objected to by those receiving it. In fact, very few call it by its full name, but use "Coke," which is the commonly accepted, used, and well-known nickname for Coca-Cola.

The defendant files a motion to dismiss, contending that the complaint fails to state a cause of action, and to present the issue disclosed by the stipulations of facts as to "whether on calls for 'Coke' the defendant may supply Afri-Kola or other beverages, and draw from the fountain or other container, in response to a call for 'Coke,' Afri-Kola, or any other syrup than Coca-Cola syrup manufactured and sold by the plaintiff."

The pleadings, by the terms of the stipulation of facts, present this issue as the only question to be determined. It will be borne in mind that under the facts the name "Coke" is an abbreviation or nickname of plaintiff's trade-mark "Coca-Cola," which is generally accepted and understood by the public when purchasing Coca-Cola, and the defendant, being advised of the same, in response to orders for "Coke" sells and delivers Afri-Kola, a product that is not the product of plaintiff. It seems clear that the customers of the defendant use the nickname "Coke" for Coca-Cola, the product of plaintiff, and when they call for "Coke" they expect to receive Coca-Cola, and not Afri-Kola, or any other substitute. That being the case, the thought presents itself: Can the defendant, under such circumstances, on calls for "Coke," supply and sell a beverage other than plaintiff's, and by doing so is he engaged in unfair competition?

[1, 2] In dealing with the question of unfair competition, actual fraudulent intent need not be shown, where the necessary and probable tendency of the defendant's conduct is to or will deceive the public, and pass off his goods as and for that of the plaintiff's. It ordinarily consists in the imitating by one person, for the purpose of deceiving the public, of the names or devices employed by a business rival, in order to induce the purchasing public to buy the goods of the former in the belief that they are the goods of the latter. The essence of the wrong is the palming off by one of his goods as the goods of another, and any conduct, the effect of which is to so deceive the public, is unfair competition. Leschen & Sons Rope Co. v. Fuller (C. C. A. 8) 218 F. 786; Chas. Broadway Rouss, Inc., v. Winchester Co. (C. C. A. 2) 300 F. 706; Rice & Hutchins, Inc., v. Vera Shoe Co. (C. C. A. 2) 290 F. 124; Howe Scale Co. v. Wyckoff et al., 198 U. S. 118, 25 S. Ct. 609, 49 L. Ed. 972; 38 Cyc. 756.

The courts generally have recognized the right to protect the interests of the manufacturer and others from unfair methods of competition by one who is palming off his product as that of another, and condemn competition when it is unfair, or characterized by deceit, fraud, or unfairness.

[3] The defendant says that the word "Coke" is not the trade-mark of the plaintiff, and that the plaintiff has no proprietary interest in the word, and therefore no injunctive relief should be granted to plaintiff, because he sells and delivers another beverage than Coca-Cola on calls for "Coke." This might be true, were it not for the fact that the word "Coke" has become, and was known to the defendant and the purchasing public to be, a secondary meaning of plaintiff's trade-mark, "Coca-Cola," and indicating its prod-

uct alone. Knowing, as he no doubt did, that when the purchasing public used the word "Coke" in placing orders with him, they were seeking the purchase of Coca-Cola, he still sold another beverage, and thereby deceived them, and thus profited by and got the benefit of the good will and reputation built up at plaintiff's expense. If it had been his intention to sell and indicate his own product, cr to keep it from being confused with the product of plaintiff, sales would not have been made by him of a product, when calls for "Coke" were made, which he knew meant Coca-Cola, as he could have designated his own product with the object in view of making improbable the confusion of his product with that of plaintiff. It is therefore apparent that the method adopted, by which he sells his product as that of the plaintiff, results in substitution by him and selling a beverage of his own as that of plaintiff, when the product of plaintiff is desired, and in doing so he commits a wrong and unfair dealing, against which protection is accorded to the plaintiff. [4] Under such circumstances the courts apply the established principle that, where the general public has given to one's product another name, such as "Coke," or any other nickname, and by which it is known to the trade, and another, upon calls of customers for "Coke," or such nickname, serves a product other than the former's, he is then passing off his product as that of another, and in doing so the public is deceived as to the article purchased, and protection by injunction will be granted one whose rights are so infringed upon, as such conduct is regarded as competing unfairly. Coca-Cola Co. v. Koke Co., 254 U. S. 143, 41 S. Ct. 113, 65 L. Ed. 189; Shaver v. Heller & Merz Co. (C. C. A. 8) 108 F. 821, 65 L. R. A. 878; Ludwigs v. Payson Mfg. Co. (C. C. A. 7) 206 F. 60; Queen Mfg. Co. v. Isaac Ginsberg & Bros., Inc. (C. C. A.) 25 F.(2d) 284.

This principle is emphasized, for example, in Denver Chemical Mfg. Co. v. Lilley et al. (C. C. A. 8) 216 F. at page 870, where the court said: "There are no disputed questions of law. It being conceded, as it must be, that while appellant adopted the name 'Antiphlogistine' for its product, still, if for some reason the general public has given to the product another and different name, by which it alone is known to the trade, the appellant becomes entitled to protection by injunction against one who thereafter endeavors, through the adoption of such term as the public employs as synonymous for or as a secondary designation of such product, for in so doing the purchasing public may be deceived as to the article purchased, and the appellant is deprived of that trade which its industry and money have built up."

Considering the case as presented, I am of the opinion that the plaintiff is entitled to the relief prayed. Let a decree be entered accordingly, with costs in favor of plaintiff.