**DAKOTA CORPORATION v. SLOPE COUNTY, N. D., et al.**

No. 9743.

Circuit Court of Appeals, Eighth Circuit.

Feb. 1, 1935.

George E. Wallace, of St. Paul, Minn., for appellant.

P. O. Sathre, Atty. Gen. (Charles A. Verret, Asst. Atty. Gen., on the brief), for appellees.

Before STONE, GARDNER, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

Appellant is a corporation organized and existing under the laws of the state of Delaware. On or about the 26th day of February, 1929, it brought an action in equity in the District Court of the United States for the District of North Dakota against Slope county and O. F. Metcalf, auditor of said Slope county, appellees herein, to set aside certain taxes levied by said county upon lands belonging to appellant and therein situate, and to clear the title to said lands from the cloud and lien of these taxes alleged to have been unlawfully assessed and levied. Upon application by appellant, plaintiff in said action, for a temporary injunction, an order was issued restraining said county, and the various officers thereof, from issuing any tax deed which would affect the title to the lands described in the complaint, and from doing any other act or thing which might interfere with or cloud the title of the plaintiff in said lands until the further order of the court. Thereafter, pursuant to a hearing before the court, held March 13, 1929, the temporary injunction prayed for was denied, and the restraining order theretofore issued was dissolved and discharged. It is conceded that, while said restraining order was in force, it was properly observed. Upon being released therefrom, appellees herein assumed that they were free to go forward with the proceedings prescribed by the statutes of North Dakota respecting delinquent taxes upon real estate. Accordingly, on April 4, 1929, in accordance with statutory procedure, the county auditor issued to the defendant county tax deeds for the lands of appellant to which reference has been made. These deeds were based upon the tax levies sought to be set aside in the equitable action brought by appellant for that purpose, and formed the preliminary procedural basis provided by statute for the subsequent advertisement and sale of the lands to satisfy the taxes levied. To meet this situation, on April 5, 1929, appellant caused to be filed in the office of the register of deeds of Slope county, within which county the lands are situated, a notice of lis pendens as provided by statute, to wit: In an action affecting the title to real property, the plaintiff at the time of filing a complaint or at any time afterwards may file for record with the register of deeds of each county in which the real property is situated a notice of pendency of action containing the names of the parties, the object of the action and the description of the real property in the county affected thereby; and from the time of filing only shall the pendency of the action be constructive notice to a purchaser or an encumbrancer of the property affected thereby; and any person whose purchase or encumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or encumbrancer and shall be bound by all proceedings as if he were a party to the action.

This statute now stands as section 7425 of the Compiled Laws of North Dakota 1913.

On or about June 11, 1929, and on subsequent dates, certain of these lands were sold to private purchasers at tax sales. It is conceded that this was done in accordance with statutory procedure by authority and direction of the members of the board of county commissioners, the county auditor, and the state's attorney of Slope county, all appellees herein. Conceiving that the county and its officers, by their said acts, had obstructed the administration of justice in the equity cause then pending and undetermined, having disposed of the subject-matter, and thereby rendered nugatory any decree that might thereafter be entered therein, appellant, by affidavit, caused an order to issue out of the District Court in which said cause was pending, requiring appellees to show cause why they should not be punished for contempt. Upon hearing, this order to show cause was discharged, and this appeal followed.

The contempt charged is civil. Such actions are prosecuted to preserve the rights of private parties, and are remedial in their nature. Generally speaking, such contempts consist in failing to do something ordered to be done by a court in a civil action for the benefit of the opposing party therein, or by willfully destroying, removing, concealing, or disposing of the subject-matter of the litigation. There was no failure in the instant case to obey a court order. The restraining order theretofore issued had been dissolved and a temporary injunction had been refused. Appellant's case rests upon its contention that the action of the county and its officers in making tax sales of appellant's lands operated willfully to dispose of the subject-matter of the litigation while the cause was still pending and undetermined, and thereby to obstruct the administration of justice and the potential entry of an effective decree.

It is apparent that the acts of appellees were not willful in any sense other than that they were advisedly done. At the outset an order of court had restrained them from proceeding under the state law to collect the taxes levied upon the lands in question. The subsequent affirmative action of the court in dissolving this restraining order and in denying the temporary injunction prayed was accepted by them as a warrant to proceed under the mandate of the applicable statutes.

It is not, and cannot be, claimed by appellees that the fact that they were acting under a state statute could excuse the contempt, if one were committed, but the circumstances recited convince that their action was not inspired by a spirit of defiance and contempt of the court's authority. It is, however, necessary to inquire whether the acts complained of had the effect of disposing of the subject-matter of the litigation in such manner and to such extent as to amount to contempt within the legal definition of that term. The county was an original party to the equity suit, and will be bound by the terms of any decree entered therein. The purchasers at the tax sales took with constructive knowledge of the notice of lis pendens filed prior to the sales. Under the statute they were not innocent purchasers, and are bound by all proceedings in the pending equity suit as if they were parties to the action. It would seem then, at most, that the contempt, if one be conceded, is nominal, technical, and without substance in spirit or in fact.

It is true that, in a proper case, a court has power, in a proceeding in contempt, to impose a fine upon the contemnor for the benefit of the party injured. But here we have neither disobedience of a court order nor evidence of damage to the subject-matter. In Merrimack River Savings Bank v. Clay Center, 219 U. S. 527, 31 S. Ct. 295, 55 L. Ed. 320, Ann. Cas. 1912A, 513, the subject-matter of the litigation was actually removed and destroyed in defiance of an injunction continued pending appeal. This was held to be in contempt of the appellate jurisdiction of the Supreme Court; but, in view of the good faith of the defendants, it was held that it was enough for the vindication of the court that the rule be discharged upon payment of costs.

Appellant's suit in equity is still pending. The trial court was of opinion that whatever relief appellant was entitled to, if any, should come only through that action in the ordinary course of proceedings therein, and discharged the order to show cause. We think its order should be, and it is, affirmed.