Jackson Brewing Co., Plaintiff and Appellee, *v.* José B. López Succrs., Inc., Defendant and Appellant.*

No. 7274. Argued December 4, 1936.—Decided June 10, 1937.

---

* Note.—On appeal to the U. S. Circuit Court of Appeals for the First Circuit, this decision was affirmed. See 94 F. (2d) 964.

698

*Susoni & Defendini* for appellant. *J. Pedro Miranda* and *Alfonso Miranda* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

The Jackson Brewing Co. of Louisiana produced and sold beer under the trade name of "Jax." The beverage was sold in Puerto Rico by the firm of Succrs. of José Fernández exclusively. The monosyllable "Jax" was by the Jackson Brewing Co., duly registered as a trade-mark for the sale of its beer, both in Puerto Rico and in the State of Louisiana. Several years afterwards, in 1934, the defendant in the case before us placed on the insular market a beer under the trade name "Royal Palm," but on the label thereof appeared the phrase "Jax Brewing Company, Jacksonville, Florida." The Jackson Brewing Co. then filed a petition for an injunction, against José B. López Succrs., Inc., alleging both an infringement of its trade-mark and unfair competition by the defendant. The latter filed a demurrer for failure to state facts sufficient to constitute a cause of action which was overruled. The answer more or less denied the substantial allegations of the petition, although it admitted that the petitioner has had the trade-mark "Jax" duly registered in its name with the Executive Secretary of Puerto

Rico since March 16, 1927. As a special defense it claims that the title "Jax Brewing Co." is not used as a trade-mark but in order to comply with the requirements of law; that the name "Jax Brewing Co." has been used by the defendant in Florida since 1913; that the word "Jax" is a contraction of the word Jacksonville and hence is a geographic term not subject to exclusive acquisition as a trade-mark and that the petitioner merely has a right to the use of the word "Jax" in the particular style and form in which it is employed so as to distinguish the product.

The lower court granted a preliminary injunction and, after hearing the evidence, permanently enjoined the defendant from using the word "Jax" anywhere on its labels or cartons or in any way associated with the sale of its beer. The trial judge found that the petitioner had proved the essential allegation for its petition, that the defendant had failed to substantiate its defenses and that the word "Jax" was a nickname and hence not excluded from being made the subject of a valid trade-mark. The appeal was dismissed as frivolous on May 29, 1936, and subsequently reconsidered on July 28, 1936.

The parties on appeal have agreed to have the case considered on its merits as well as on the motion to dismiss which is pending. As the case is to be decided on its merits the motion to dismiss may be disregarded.

■ Eight are the errors assigned by the appellant. The first concerns the sufficiency of the petition to state a cause of action. From its reading a court can readily determine that it sets forth an infringement of a registered trade-mark. A cause of action is substantially pleaded and that is all that is necessary. Infringement of a trade-mark is but a part of the broader field of unfair competition. *Pulitzer Pub. Co.* v. *Houston Printing Co.,* 4 F. (2d) 924.

■ The second error attacks a specific finding of the trial court, but as its judgment can be sustained without making use of such a finding, it becomes unnecessary to discuss it.

The next error assigned questions the correctness of the lower court's conclusion that the petitioner had satisfactorily proved its allegations and especially attacks the sufficiency of the evidence to prove unfair competition. In analyzing the evidence presented in the present case one must not forget that the petitioner has a registered trademark; that in such cases and more particularly in cases where the mark consists of an artificial or invented word, the evidence to be presented by the petitioner need not be so clear and convincing as in cases where there is no such registered trade-mark. To a certain extent fraud is presumed when infringement of a technical trade-mark is involved. *American Specialty Co. v. Collins Co.*, 235 Fed. 929; *Barton v. Rex-Oil Co.*, 288 Fed. 878. From the evidence it appears that there was danger of injury to the petitioner's reputation, that the defendant's use of the monosyllable "Jax," even though in connection with its corporate name, carried with it a probability that when sold in cartons (wholesale), which was the nature of the sales made by both of the parties, retailers might be deceived into thinking that both products were made by the same brewer and thus purchase the one on the reputation of the other. It is this property right in the "good will" that the law protects.

The case of *Rice & Hutchins v. Vera Shoe Co.*, 290 Fed. 124, bears a close analogy to the present one. There, the petitioner, Rice & Hutchins Inc., had for 50 years been in the business of manufacturing and selling shoes and boots under the registered trade-name of "Vera," which it stamped on all of its products. It claimed that the defendant incorporated in 1920, in New York State, under the name of "Vera Shoe Company, Inc." It then alleged substantially the same matters that are set forth in the petition before us. The evidence was somewhat meager, yet the appellate court found it sufficient to support the granting of an injunction, and

reversed the judgment of the lower court. We quote from the opinion of the court, page 126:

"The law does not require that any particular person has been actually misled . . . . (citing cases). If the natural and probable result of the appellee's conduct would be to lead the public to purchase its goods in the belief that they were the appellant's, such conduct would deceive the ordinary buyer making his purchases under ordinary conditions, and is in law unfair competition. *Miller Rubber Co.* v. *Behrend*, 242 Fed. 515, 155 C.C.A. 291. Therefore, adopting the word 'Vera' in its corporate name, which is an arbitrary selection, the appellee must be held to have intended the natural consequences of its act. It is very likely that appellee's shoes would soon become known as 'Vera' shoes, with the resulting confusion.

"Where the proof of infringement is clear, a court of equity will not refuse an injunction for the future protection of the proprietor of a trade-mark right, even though it might appear that he is disentitled to an accounting for the past profits of the infringer. The appellant has used the trade-mark 'Vera' for 17 years upon its products, manufactured in Massachusetts and sold throughout the United States. The appellee was organized in 1920, and sold shoes in territory contiguous to that in which the appellant's shoes were sold. They sent salesmen south and west, and although it has not sold in Massachusetts, it has covered territory wherein the shoes of the appellant were sold. We must assume that, if unrestrained, the appellee will pursue its business to the injury of the appellant and danger of injury is sufficient ground for the restraining arm of the court of equity. *Von Mumm* v. *Frash* (C.C.), 56 Fed. 837."

The appellant, as we have seen, insisted that his trademark was Royal Palm and that the word "Jax" formed no essential part of it.

Outside of the fact that defendants themselves were shown to be using the beer of the Jax Brewing Co. there was other testimony, perhaps not as clear as it might be, tending to show that sellers of the principal agent of the plaintiff found difficulty in selling its beer because the persons approached claimed to have a cheaper beer proceeding from the Jackson Brewing Co.

This discussion is enough to dispose of the third, sixth, and seventh errors, inasmuch as they are closely related.

The trial court committed no error in excluding the evidence referred to in the fourth assignment and correctly held that "Jax," if anything, was a nickname and as such subject to acquisition as a trade-mark. 26 L.R.A. (N. S.) 73 *et seq.*

The last assignment is with regard to the award of costs in favor of the petitioner, and we find no error.

See, for its general bearing on the subject of trade-marks, the case of *Eneglotaria Medicine Co.* v. *Sosa López,* 38 P.R.R. 542.

Judgment should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.