## JOSE B. LOPEZ, Inc., v. JACKSON BREWING CO.

### No. 3305.

Circuit Court of Appeals, First Circuit.

Feb. 15, 1938.

Paul Defendini, and Susoni & Defendini, all of San Juan, Puerto Rico, for appellant.

J. Pedro Miranda and Alfonso Miranda Esteve, both of San Juan, Puerto Rico, for appellee. .

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

The plaintiff filed its petition in the District Court of San Juan to restrain the defendant from infringing its registered trade-mark "J A X." The District Court found that the defendant had infringed and issued a permanent injunction, restraining the defendant from further infringement. The defendant appealed to the Supreme Court of Puerto Rico, which affirmed the decree of the District Court. It comes to this court on appeal.

The plaintiff, Jackson Brewing Company, is a corporation organized under the laws of the state of Louisiana, which manufactured beer, that for a long time both since 1927 and prior thereto had used the letters arranged in the form of a word "J A X" to designate such beer to the trade. On March 26, 1927, it applied for and obtained from the Executive Secretary of Puerto Rico the registration of the artificial word "J A X" as a trade-·mark to designate its product and distinguish it from other beers offered to the trade in Puerto Rico. It printed its trademark on the bottles in which its beer was sold and on the cartons in which the bottles were packed.

It sells and ships the beer so designated to Successors of Jose Fernandez S. en C., a mercantile partnership domiciled in Puerto Rico, which sells and distributes it

on its own account in the original packages to various distributors in Puerto Rico, who sell it in bottles or in cartons to the public.

It is alleged in its petition that by extensive advertising in Puerto Rico and by the excellent quality of its beer sold under its trade-mark "J A X," it has created a good will of great value to the plaintiff.

The defendant, Jose B. Lopez, Sucrs., Inc., without obtaining the consent of the plaintiff, has been selling since 1934 in Puerto Rico bottled beer under the brand "Royal Palm", but on the labels on the bottles appears the words, "J A X Brewing Company." The words "J A X Brewing Company" also appear on the cartons in which the bottles are packed.

The defendant is a corporation organized under the laws of the state of Florida and located in Jacksonville, and it is shown by testimony that its corporate name was "Jacksonville Brewing Company" instead of "Jackson Brewing Company," as set forth in its answer, an amendment to that effect having been allowed in the District Court.

It claims that the word "J A X" is a short substitute for the word "Jacksonville," and that since Jacksonville is a geographical name, it may use the word "J A X" as freely as the word "Jacksonville" itself, as indicating the place of manufacture. This is not a case of the use of a geographical name to designate the place where the article sold is manufactured. The word "J A X," whatever it may mean in Jacksonville, Fla., has no such meaning in Puerto Rico to the public buying the beer sold by the defendant. The word "J A X" had long been used by the plaintiff to describe its beer and for many years it had an established meaning in the minds of the people of Puerto Rico as designating the plaintiff's beer. Note, 26 L.R.A.,N.S., 73 et seq.

The District Court for San Juan held that the use of the word "J A X" by the defendant on the bottles and on the cartons in which its "Royal Palm" beer was sold, even as descriptive of the brewing company, was an infringement of the plaintiff's trade-mark, and tended to mislead people into believing that, while it was sold under the brand "Royal Palm," it was the same beer as that of the plaintiff sold under the name of "J A X", or, at least, was manufactured by the same company and was of the same quality. The

District Court issued its permanent injunction against the use of the word "J A X" in connection with the words "Brewing Company" on the bottles and cartons in which the defendant's beer was sold. Delaware & H. Canal Company v. Clark, 13 Wall. 311, 324, 20 L.Ed. 581.

The plaintiff had built up long prior to 1934 a valuable good will in connection with the sale of its beer in Puerto Rico under its trade-mark "J A X". From the evidence, the inference is strong that the Jacksonville Brewing Company, to enable it to meet the established reputation which it found already existing in 1934 in Puerto Rico as to the plaintiff's "J A X" beer, purposely represented its beer as made by the "J A X Brewing Company." The connection between "J A X" beer and "J A X Brewing Company" is so evident that not even the words "Royal Palm" beer printed on its labels would entirely remove from the minds of the public the impression that all beer having the word "J A X" on the bottles and cartons made by the "J A X Brewing Company" was presumably of the same quality as the plaintiff's beer, and by selling its "Royal Palm" beer at a less price than the plaintiff's "J A X" beer was sold, it could obtain a part of the market which the plaintiff had built up for its "J A X" beer after many years by advertising, and by the quality of the beer sold under its trade-mark, which had come to stand in the minds of the public for a beer of excellent quality.

While it is not necessary to prove intent in case of an infringement of a trade-mark, a consequent invasion of the good will and business of the owner of the trade-mark is presumed from the fact of infringement. Intent and fraud are also presumed. American Specialty Co. v. Collis Co., D.C., 235 F. 929; O. & W. Thum Co. v. Dickinson, 6 Cir., 245 F. 609, 615, 621; Coty, Inc., v. Parfums De Grande Luxe, Inc., et al., 2 Cir., 298 F. 865, 870; Barton v. Rex-Oil Co., D.C., 288 F. 878.

Even if it were necessary to prove intent, the testimony is uncontradicted that the managing partner of the Successors of Jose Fernandez notified the chairman of the defendant corporation that the use of the word "J A X" on its bottles and cartons was an infringement of its trade-mark and was affecting adversely the business of the partnership. It appears that

the defendant thereafter continued to use the word "J A X" in this connection on its bottles and cartons until it was enjoined.

The principles laid down in the case of Rice & Hutchins, Inc., v. Vera Shoe Co., Inc., 2 Cir., 290 F. 124, 126, also tend to support the decree of the Supreme Court of Puerto Rico, in which case the plaintiff had for many years sold boots and shoes under the registered trade-mark "Vera", which was stamped on all its products. The defendant organized a corporation under the name of the Vera Shoe Company, Inc. The court said in that case:

"The law does not require that any particular person has been actually misled. * * * If the natural and probable result of the appellee's conduct would be to lead the public to purchase its goods in the belief that they were the appellant's, such conduct would deceive the ordinary buyer making his purchases under ordinary conditions, and is in law unfair competition. Miller Rubber Co. v. Behrend, 242 F. 515, 155 C.C.A. 291. Therefore, adopting the word 'Vera' in its corporate name, which is an arbitrary selection, the appellee must be held to have intended the natural consequences of its act. It is very likely that appellee's shoes would soon become known as 'Vera' shoes, with the resulting confusion."

In its opinion in the present case the Supreme Court of Puerto Rico said:

"In analyzing the evidence presented in the present case one must not forget that the petitioner has a registered trade-mark; that in such cases and more particularly in cases where the mark consists of an artificial or invented word, the evidence to be presented by the petitioner need not be so clear and convincing as in cases where there is no such registered trade-mark. To a certain extent fraud is presumed when infringement of a technical trade-mark is involved. American Specialty Co. v. Collis Co., supra; Barton v. Rex-Oil Co., supra; 26 L.R.A.(N.S.) 73, note."

We think the Supreme Court was warranted in finding that the use by the defendant of the word "J A X" on its receptacles in connection with the words "Brewing Company," even though the words "Royal Palm" also appeared thereon, might well have misled a purchaser to believe that the beer was a product of the plaintiff, or that both beers were the product of the same company and therefore of the same quality, and might purchase one on the reputation of the other.

The defendant filed a demurrer and answer to the plaintiff's petition. The demurrer was overruled by the District Court. The defendant also assigned numerous errors as grounds for reversing the judgment and decree of the Supreme Court.

It is unnecessary to consider separately the numerous assignments of error, since such as are not in effect considered above are held to be without merit.

The decree of the Supreme Court of Puerto Rico is affirmed.