**The COCA–COLA COMPANY, a corporation, Plaintiff,**

v.

**Catherine C. (Mrs. Alphonso) BISIGNANO, and Alphonso Bisignano, et al., Defendants.**

**Civ. No. 6–1611–C.**

United States District Court, S. D. Iowa, C. D.

March 28, 1972.

Frank W. Davis, of Davis, Huebner, Johnson & Burt, Des Moines, Iowa, and Julius R. Lunsford, Jr., Atlanta, Ga., for plaintiff.

Raymond Rosenberg, Des Moines, Iowa, for defendants.

## ORDER

STUART, District Judge.

On February 23, 1972, defendants' Motion for Relief from Judgment or Order filed June 25, 1971 and plaintiff's Motion for Rule to Show Cause for Contempt filed November 26, 1971 came on for hearing pursuant to order of court. Plaintiff appeared by its attorneys, Julius R. Lunsford, Jr., Fred G. Stowers and Frank W. Davis. Defendants appeared by their attorney, Raymond Rosenberg. After having heard the evidence and statements of counsel, and having examined the files, the written briefs and supporting authorities and being fully advised in the premises, the court finds:

### Findings of Fact

On May 3, 1965, Chief Judge Roy L. Stephenson entered an order permanently enjoining "defendants and each of them, their agents, employees, servants, representatives and all persons acting by or under their authority * * * from selling or offering for sale in response to calls or orders for 'Cola-Cola' or 'Coke' Pepsi-Cola or any product not the plaintiffs' without at

that time giving the customer actual notice that he is being sold merchandise other than plaintiffs".

Defendants' evidence disclosed that since that time they have repeatedly instructed their employees to inform customers ordering "Coca-Cola" or "Coke" that they served Pepsi rather than Coke. The waitresses in the restaurant part of "Babe's" faithfully followed these instructions. The bartenders at "Babe's" and the bartender and waitresses at "Mr. B's" did not.

When this pattern was discovered, subsequent visits by plaintiff's trade research agents concentrated on those locations where the injunction was being disregarded and thus were able to build up a high percentage of instances in which the defendants' employees failed to comply with the order of court, although the restaurant area did many times the business of the bars.

Defendants have made a reasonable effort to instruct their employees as to their duties under the order of court, but have been deficient in supervising the work and conduct of the employees to ascertain whether or not their instructions were being carried out.

Although this failure to supervise constitutes a violation of the injunction, it is not flagrant. Plaintiff's employees were not too concerned about the violations until defendant sought to have the injunction lifted.

The court is not impressed by the argument that repeated admonishments to the employees shows defendants knew their instructions were being violated. They would be subject to much stronger criticism if they failed to call this instruction to the employees attention occasionally. The injunction was not intended to place defendants on the horns of a dilemma.

Plaintiff's costs for investigating the possible violations of the court's order and preparations for trial and trial expense were in excess of $4300.

Conclusions of Law

■ The fact that defendants ordered their employees to comply with the order of court does not absolve them from responsibility. Good faith is not a defense where an injunction has been violated. McComb v. Jacksonville Paper Co. (1949), 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599; Morse-Starrett Products Co. v. Steccone (9 Cir. 1953), 205 F.2d 244, 248; Telling v. Bellows-Claude Neon Co. (6 Cir. 1935), 77 F.2d 584, 586–587; Coca-Cola Co. v. Boas (D.C. 1928), 27 F.2d 756, 757; Singer Mfg. Co. v. Sun Vacuum Stores, Inc. (D.C. 1961), 192 F.Supp. 738, 741.

■ Punishment for civil contempt is remedial and the court may impose a fine on the contemnor for the benefit of the injured party taking the costs of the gathering the evidence and preparing for trial into consideration. Gompers v. Buck's Stove and Range Co. (1911), 221 U.S. 418, 444, 31 S.Ct. 492, 55 L.Ed. 797; Dakota Corporation v. Slope County, N.D. (8 Cir. 1935), 75 F.2d 584, 586; Sunbeam Corporation v. Sunbeam Furniture Corporation (D.C.1956), 139 F. Supp. 770, 774; Detroit Motor Appliance Co. v. General Motors Corp. (D.C. 1933), 5 F.Supp. 27, 31.

The court concludes that defendants, through their employees, have violated the court's injunctive Order of May 3, 1965, and are guilty of contempt.

The court also concludes plaintiff is entitled to have defendants assessed with a fine for its benefit because of such violations. However, the equities and justice of the matter convince the court plaintiff is not entitled to reimbursement of its expenses in full.

It is therefore ordered, adjudged and decreed by the court:

1. The above named defendants stand in contempt of the May 3, 1965, Order of this court.

2. The defendants should be and they hereby are fined the sum of $2000 as a remedial fine for the benefit of the plaintiff for a portion of its expenses

and upon payment the clerk is authorized to remit said fine to plaintiff.

3. The defendants' Motion for Relief from Judgment or Order is denied and the injunctive Order of May 3, 1965 shall remain in full force and effect.

4. Court costs are assessed against defendants.