**SUNBEAM FURNITURE CORP. et al.**
**v. SUNBEAM CORP.**
No. 12628.

United States Court of Appeals,
Ninth Circuit.

June 8, 1951.

Rehearing Denied Sept. 12, 1951.

See 191 F.2d 731.

142

Huebner, Beehler, Worrel & Herzig, Los Angeles, Cal. (Herbert A. Huebner, Los Angeles, Cal., of counsel), for appellants.

Rogers & Woodson, William T. Woodson, Beverly W. Pattishall, Lewis S. Garner, all of Chicago, Ill. (John F. McCanna,

Chicago, Ill., Lyon & Lyon and Reginal E. Caughey, all of Los Angeles, Cal., of counsel), for appellee.

Before STEPHENS and POPE, Circuit Judges, and FEE, District Judge.

STEPHENS, Circuit Judge.

Sunbeam Corporation, plaintiff below, appellee here, successfully sought in the district court an injunction against Sunbeam Furniture Corporation (a California corporation) and Arthur M. Luster, Melvin R. Luster and Frieda Luster, President, Secretary-Treasurer and Vice-President respectively, from using plaintiff-appellee's trademark "Sunbeam" in connection with defendant-appellant's sales, wares, or its corporate name. 88 F.Supp. 852. Since the names of the organizations are similar, we shall refer to plaintiff-appellee as the Illinois corporation, and to defendant-appellant as the California corporation

The California corporation has its main place of business in Los Angeles, California, and is engaged in selling household furniture, primarily to the retail dealers in California and neighboring states. Prominently displayed on its business building are the words "Sunbeam Furniture Corp." and it claims to have used the word "Sunbeam" in connection with its business since 1946. The California corporation's name "Sunbeam Furniture Corporation" appears on price tags, affixed to furniture, on its shipping labels, invoices and stationery. It advertises in furniture trade magazines, prominently displaying its corporate name therein. It also distributes circulars to retailers, suggesting that consumers be referred to defendant's showroom by the retailer, if not satisfied with the retailer's limited stock on hand.

A small portion of its business is the sale of decorative household electric lamps which have been purchased from numerous manufacturers. Among them are lamps manufactured by Expert Lamps, Inc., an eastern corporation, controlled by members of the Luster family which controls the California corporation. The shades on the Expert Lamps, Inc., models on display in California corporation's showroom are ordinarily wrapped in transparent cellophane. Under the cellophane there is a paper label bearing the following description or a variation thereof:

"America's Loveliest Lamp
"This is a genuine
SUNBEAM
LAMP

"This is a custom made shade, hand sewn, finely stitched, washable. Designed especially to harmonize with this lamp.

"Mfd. by Expert Lamp Co., Chicago, Illinois."

The word "Sunbeam" is in large, heavy, attractive type, while the other part of the inscription is in smaller type and is less prominent. Attached to the lamp stand by a string is a tag of similar content and description.

We have had occasion to describe the history and business activities of the Illinois corporation in Sunbeam Lighting Co. v. Sunbeam Corporation, 9 Cir., 1950, 183 F.2d. 969, certiorari denied, 340 U.S. 920, 71 S.Ct. 357, wherein the trademark "Sunbeam" was also involved. We refer to the opinion in that case for detail and but very briefly repeat it here. The Illinois corporation is a large, well-known manufacturer of various household electrical appliances. Since 1921 its products have carried the trade name "Sunbeam" and that word has been registered in the United States Patent Office in connection with products manufactured by plaintiff-appellee. Neither household furniture nor lamps are now among its products.

The Illinois corporation alleged in its complaint that the use by defendant-appellants of the word "Sunbeam" is likely to cause confusion and to deceive purchasers as to the source or origin of defendant-appellants' goods in that the trade and public will attribute the goods sold by defendants as originating with the plaintiff, and that defendants' conduct amounts to trademark infringement and unfair competition.

In Sunbeam Lighting Co. v. Sunbeam Corporation, supra, we limited the scope of the injunction granted by the trial court, defining it to include portable fluorescent

lamps sold by Sunbeam Lighting Co. carrying the words "Sunbeam Manufacturing Co., Los Angeles, California" and "Sunlite Master", calling attention to the importance of the means of marketing the items and to the use of the word "Master" in connection with the word "Sunbeam". We were of the opinion that the *word-combination* used in a related field and appealing to store shoppers would cause confusion of source and would infringe upon the Illinois corporation's trademarks.

We reaffirm the principal that the use of a distinctive or fanciful mark or name will be broadly protected, but non-fanciful words or names which have been applied to and used and registered as trademarks for a large number and variety of products by numerous manufacturers, ordinarily will be narrowly protected. Philco Corp. v. F. & B. Mfg. Co., 7 Cir., 1948, 170 F.2d 958, 961, certiorari denied, 336 U.S. 945, 69 S.Ct. 813, 93 L.Ed. 1102. The change wrought by the 1946 Trademark Act on Title 15 U.S.C.A. § 1114(1), Act of July 5, 1946, c. 540, Title VI, § 32, 60 Stat. 437, does not "stifle all excursions into adjacent markets * * *." S. C. Johnson & Son v. Johnson, 2 Cir., 1949, 175 F.2d 176, 180, certiorari denied 338 U.S. 860, 70 S.Ct. 103. The differentiation is made between "strong" and "weak" marks based upon whether the word sought to be protected is general or fanciful.

Reliance is placed not upon competition with plaintiff's products but upon the likelihood of confusion of source. The Illinois corporation has a legitimate interest in seeking to protect its goodwill and the reputation of its mark, Hanover Star Milling Co. v. Metcalf, 1916, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713, achieved only after considerable expenditure of effort in marketing a dependable product. The interests of shoppers in their reliance upon brand names or marks must also be taken into consideration. Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 1942, 316 U.S. 203, 62 S.Ct. 1022, 86 L.Ed. 1381, rehearing denied 316 U.S. 712, 62 S.Ct. 1287, 86 L.Ed. 1777.

We pointed out in the Sunbeam Lighting Co. case, supra, that the remoteness of confusion by the purchaser of electric fluourescent light fixtures with the manufacturer of household appliances stemmed largely from the fact that the light fixture is ordinarily selected by an architect and installed by an engineer or an electrical contractor, in contrast to the "over the counter" purchase of a kitchen gadget. However, the distinction was not held to apply to portable fluourescent lamps which in common knowledge yield to sale and purchase in similar manner to the sale and purchase of household appliances.

According to a public opinion survey conducted for the plaintiff, a large number of persons who were shown a picture of the California corporation's lamp, with labels as heretofore described attached, concluded that it was the product of the Illinois corporation. It appears reasonable that the prominence with which the word "Sunbeam" is displayed on the lamp label as contrasted to the size of type used to identify the manufacturer, would lead the shopper to conclude it was one of the household articles commonly sold under the mark "Sunbeam". In the Sunbeam case to which we have several times referred, we commented upon "polling evidence". The distinction between the facts of that case and the instant case is quite obvious. We conclude that it was not error for the district court to issue its injunction against the California corporation's use of the term "Sunbeam" on its lamps. See Title 15 U.S.C.A. § 1114.

The California corporation also claims that the trial court erred in issuing its injunction against its use of the name "Sunbeam Furniture Corp." As to this aspect of the case, the evidence reveals neither market competition nor confusion of source. The business to which the word "Sunbeam" is applied as a mark is entirely different from that of the Illinois corporation. It is true that actual competition, while an important factor to consider, is not a necessity to the granting of relief. Del Monte Special Food Co. v. California Packing Corp., 9 Cir., 1929, 34 F.2d 774; Stork Restaurant v. Sahati, 9 Cir., 1948, 166 F.2d 348; Safeway Stores, Inc., v. Dunnell, 9 Cir., 1949, 172 F.2d

649, certiorari denied, 337 U.S. 907, 69 S. Ct. 1049, 93 L.Ed. 1719; Lane Bryant Inc., v. Maternity Lane, Limited, of California, 9 Cir., 1949, 173 F.2d 559. Nevertheless, where market competition is absent, it is a corollary that the likelihood of confusion in the mind of the buyer decreases.

Where a trade name is fanciful, it will be broadly protected, but where it is " * * * a meaningful word, a joyful word, a word of comfort, of light, and of health. * * *" [183 F.2d 973.] (Sunbeam case, supra) the range of protection is limited, as we have pointed out. There is no possibility of defining a line on one side of which protection will be applied and another side on which protection will be denied. The general principles which we applied in the cited Sunbeam case apply here and the decision in every case must go in accordance with the application of these principles to the combination of circumstances obtaining. A common word like "Sunbeam" cannot be completely removed from the public domain. We conclude that the district court erred in including in its injunction the use of the firm name of the California corporation, "Sunbeam Furniture Corporation".

The unfair competition charges involved are governed by local law. See Pecheur Lozenge Co., Inc., v. National Candy Co., Inc., 1942, 315 U.S. 666, 62 S.Ct. 853, 86 L.Ed. 1103. The same essential elements are involved, however. Hanover Star Milling Co. v. Metcalf, supra. We have considered the California cases on the subject and are of the opinion that they support the conclusions we have reached. Consult Modesto Creamery v. Stanislaus Creamery Co., 1914, 168 Cal. 289, 142 P. 845; American Philatelic Society et al., v. Claibourne, 1935, 3 Cal.2d 689, 46 P.2d 135; Academy of Motion Picture Arts & Sciences v. Benson, 1940, 15 Cal.2d 685, 104 P.2d 650; Eastern-Columbia, Inc., v. Waldman, 1947, 30 Cal.2d 268, 181 P.2d 865; Sun-Maid Raisin Growers of California v. Mosesian, 1927, 84 Cal. App. 485, 258 P. 630; Hoover Co. v. Groger, 1936, 12 Cal.App.2d 417, 55 P.2d 529; Wood v. Peffer, 1942, 55 Cal.App.2d

116, 130 P.2d 220; Winfield v. Charles, 1946, 77 Cal.App.2d 64, 175 P.2d 69; Weatherford v. Eytchison, 1949, 90 Cal. App.2d 379, 202 P.2d 1040.

Affirmed, reversed, and remanded to the district court with instructions to modify the injunction to conform with the views expressed herein.