NANCY ANN STORYBOOK DOLLS, Inc. v. DOLLCRAFT CO. et al.

No. 12953.

United States Court of Appeals
Ninth Circuit.

May 31, 1952.

Rehearing Denied July 14, 1952.

Hugh N. Orr, William G. MacKay, San Francisco, Cal., for appellant.

Mellin, Hanscom & Hursh, Oscar A. Mellin, LeRoy Hanscom, Jack E. Hursh, San Francisco, Cal., for appellees.

Before STEPHENS, HEALY and GOODRICH,* Circuit Judges.

GOODRICH, Circuit Judge.

This litigation involves the validity of registered trade-marks and a claim for damages for alleged unfair competition. The form of proceeding was an action for a declaratory judgment and the defendant put in a counterclaim. The position of the parties will be kept more clearly in mind if they are called by name rather than as plaintiff or counterclaimant. The dispute is between Nancy Ann Storybook Dolls, Inc. (Nancy Ann) and Dollcraft Company (Dollcraft). There are two individuals, officers of Dollcraft, in the litigation but, as will be shown, we are not concerned with their part in the lawsuit.

Nancy Ann markets dolls. It has secured trade-mark registration under such names as "Red Riding Hood," "Little Miss Muffett," "Little Bo-Peep," "Mistress Mary,"

---

* Sitting by special designation from the Third Circuit.

"Little Miss Donnett," "Curly Locks," "Goldilocks," and so forth. Dollcraft also sells dolls and it, too, has a "Red Riding Hood" and several other named dolls in the list covered by Nancy Ann's registered trade-marks.

Nancy Ann says that Dollcraft's use of the names it has protected by registering them as trade-marks is actionable. Dollcraft, on the other hand, attacks the validity of the claim that the names listed are to be classed as trade-marks and says it has been guilty of no unfair competition.

In the district court two of the names registered by Nancy Ann were upheld[1] but the remainder were rejected.[2] Nancy Ann brings the case here for review.

■ The appellant makes much of the fact that these trade-marks were registered by the patent office. Such registration does not, of course, bind this court. Jacuzzi Bros. v. Berkeley Pump Company, 9 Cir., 191 F.2d 632. It is our responsibility to decide whether the registered trade-mark is entitled to legal protection.

"The office of a trade-mark is to point out distinctively the origin or ownership of the article to which it is affixed; or, in other words, to give notice who was the producer." Delaware & Hudson Canal Co. v. Clark, 1871, 13 Wall 311, 322, 80 U.S. 311, 322, 20 L.Ed. 581.[3]

Both companies market dolls which are expressly dressed to resemble the fictional characters whose names they bear. The names for which Nancy Ann claims protection identify characters well-known in the literature of childhood for scores of years. Little "Red Riding Hood" does not designate Nancy Ann but quite clearly refers to a character in childhood fiction who had a very interesting adventure with a wolf. The same is true of the other names which the trial judge held not to be protected as trade-marks.

The Nancy Ann claim, if upheld, would lead to startling results. Here are some well-known names which have for years been in the public domain and a part of the literary background of almost every American child. Manufacturers surely cannot be allowed to reach into this public domain and appropriate portions thereof for their own exclusive use even if thousands of other characters still remain in that domain unappropriated. If Nancy Ann had its way a woman could not dress dolls for a church bazaar and call them by any of the Mother Goose character names which Nancy Ann claims to have secured a trade-mark upon. It was found as a fact in the district court that the names rejected as trade-marks by the trial judge were descriptive. We agree. They are descriptive and they are descriptive of the characters who bear the names, not the output of Nancy Ann.

■ Dollcraft makes something of the point that Nancy Ann took a position inconsistent with the one it takes in this case in some comparable litigation before the United States Court of Customs and Patent Appeals. See Ippolito v. Nancy Ann Dressed Dolls, 1950, 184 F.2d 201, 33 C.C.P.A., Patents, 720. That is immaterial. It is not required of a litigant in a trade-mark case that his conduct be consistent with his position in another case.

■ Nancy Ann also urges that if Dollcraft wanted to attack its trade-marks it could have done so through established procedure in the patent office. That, too, is an immaterial fact. If sword, spear and battle-ax are in the legal armory and available to

---

1. The registrations "Sugar and Spice" and "Fairyland" were upheld.

2. The cancelled registrations are: Storybook; Goldilocks; Little Bo-Peep; June Girl; Mistress Mary; Curly Locks; Little Miss Donnett; Red Riding Hood; Little Miss Muffett; Story.

3. See for similar language: Columbia Mill Co. v. Alcorn, 1893, 150 U.S. 460, 463, 14 S.Ct. 151, 37 L.Ed. 1144; Hanover Star Milling Co. v. Metcalf, 1916, 240 U.S. 403, 412, 36 S.Ct. 357, 60 L.Ed. 713; United Drug Co. v. Theodore Rectanus Co., 1918, 248 U.S. 90, 97, 39 S.Ct. 48, 63 L. Ed. 141.

a party, he may fight with any of them he pleases.

■ Nancy Ann's claim for unfair competition falls with the rejection of the validity of its alleged trade-mark. Dollcraft was guilty of no palming off or attempting to palm off its products as those of Nancy Ann. This was found as a fact and there is nothing. to the contrary. Nor is there shown any violation of trade secrets or anything of the kind. The real basis of Nancy Ann's complaint is that the products of Dollcraft infringe Nancy Ann's claimed trade-marks. But when the trade-mark claim falls to the ground because these names do not constitute valid trade-marks, the rest of Nancy Ann's case goes by the board.

■ The attempt is made here to get some benefit from the secondary meaning doctrine and the Shredded Wheat case was cited. Kellogg Co. v. National Biscuit Co., 1938, 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73. There is nothing in this case to justify a conclusion that little Red Riding Hood, for instance, has a secondary meaning indicating that she is a Nancy Ann doll. The secondary meaning rule has no application to the facts here.

The above conclusions are consistent with former decisions of this court. See Sunbeam Lighting Co. v. Sunbeam Corp., 9 Cir., 1950, 183 F.2d 969; Sunbeam Furniture Corp. v. Sunbeam Corp., 9 Cir., 1951, 191 F.2d 141, same case on application for rehearing 9 Cir., 1951; 191 F.2d 731. See also Lerner Stores, Corp. v. Lerner, 9 Cir., 1947, 162 F.2d 160, 161. The Second Circuit's decision in Durable Toy & Novelty Corp. v. J. Chein & Co., Inc., 1943, 133 F. 2d 853, is helpful. We have been greatly aided in our consideration of this case by the thorough consideration given to the law shown in the opinion of Chief Judge Michael J. Roche, the trial judge, 94 F. Supp. 1, and further helped by the very complete set of findings of fact made by him.

■ The decision of the district court will be affirmed.