**BALL CHEMICAL COMPANY,**
Plaintiff,

v.

**Olaus T. HODENFIELD, doing business as De-Oxo-Lin Chemical Products,**
Defendant.

No. 17887.

United States District Court
S. D. California, Central Division.
Jan. 23, 1956.

Lyon & Lyon, by Frederick W. Lyon, Los Angeles, Cal., Almon S. Nelson, Washington, D. C., for plaintiff.

C. G. Stratton, McCarroll & McCarroll, Los Angeles, Cal., Cushman, Darby & Cushman, Max G. Louis, George T. Mobille, Washington, D. C., for defendant.

YANKWICH, Chief Judge.

The above-entitled cause heretofore tried, argued and submitted, is now decided as follows:

Judgment will be for the plaintiff for injunction only. Costs to the plaintiff. No attorneys' fees.

Findings and judgment to be prepared by counsel for the plaintiff under Local Rule 7.

### Comment

■■ The issue in the case is rather simple. The plaintiff's trade-mark "Oxolin" is a valid fanciful mark. It was coined many years ago by the plaintiff, and does not refer to the appearance, composition or quality of the paint to which it is applied. Therefore it is a distinctive mark which, under Sunbeam Lighting Co. v. Sunbeam Corp., 9 Cir., 1950, 183 F.2d 969, 972–973, is entitled to broad protection both as a trade-mark and trade name. There is evidence in the record showing that in late years there has come into use and is found in

some dictionaries the chemical term "Oxalyn", which is used either singly or in such combinations as *Pyroxylin,* and that at least one dictionary spells the word "Oxaline". However, these facts do not affect the validity or call for the limitation of the use of the plaintiff's mark. For these words designate chemical qualities unrelated to the coined word of the plaintiff and are scientifically unrelated to the description, composition or quality of the defendant's infringing marks.

■ As we are dealing with a "strong" and fanciful mark, we are not permitted,—even under a broad interpretation of the ruling in Sunbeam Lighting Co. v. Sunbeam Corp., supra, to deprive the plaintiff of its full protection merely because the mark is used on a *paint* while the defendant's infringing marks De-Oxo-Lin and Seal-Oxo-Lin are applied to a *liquid preservant.* We should not carry the rulings in Sunbeam Lighting Co. v. Sunbeam Corp., supra, and the subsequent case, Sunbeam Furniture Corp. v. Sunbeam Corporation, 9 Cir., 1951, 191 F.2d 141, to unwarranted extremes. They concerned a "weak" mark consisting of a word which the Court of Appeals called "not a fanciful term". Sunbeam Lighting Co. v. Sunbeam Corp., supra, 183 F.2d at page 973. So its application was limited to its own narrow field.

■ Here, as already stated, the plaintiff's mark is wholly fanciful. Although the plaintiff uses it on a *paint* and the defendant on a *preservant,* both are liquids and are brush-applied to cover and preserve wooden surfaces. The fact that the plaintiff's paint may also color the wood while the application of the defendant's product still leaves the original color of the wood visible is too insignificant to deprive the plaintiff of the protection to which it is entitled for its mark to avoid confusion. 15 U.S. C.A. § 1114(1) (a).

Hence the ruling above made.