**SUNBEAM CORPORATION,**
Plaintiff,

v.

**SUNBEAM FURNITURE CORP., a corporation, et al., Defendants.**

Civ. No. 8727.

United States District Court
S. D. California, Central Division.

March 14, 1956.

Final Judgment April 20, 1956.

Woodsen, Pattishall & Garner, Beverly W. Pattishall, George R. Clark, Chicago, Ill., Lyon & Lyon, Reginald E. Caughey, Los Angeles, Cal., for plaintiff.

Title & Tannenbaum, Oscar A. Tannenbaum, Beverly Hills, Cal., for defendants.

YANKWICH, Chief Judge.

The above-entitled matter heard on February 13, 1956, on an Order to Show Cause as to why the defendants should not be held guilty of contempt in violating the terms of the final judgment and decree of this court entered on October 26, 1951, as modified by order of this court entered on December 7, 1953, and on affidavits then and subsequently submitted, is hereby decided as follows:

(a) The Court finds that the defendant Sunbeam Furniture Corp., as the successor of the original defendants, has willfully, knowingly and deliberately violated the final decree of this Court entered October 26, 1951, as modified by the decree dated December 7, 1953, until shortly prior to the hearing herein on February 13, 1956, in having sold or offered for sale electric lamps bearing the trade-mark "Sunbeam" and in having used the name "Sunbeam" in connection with the advertising, sale and offering for sale of lamps and other electrical appliances at the defendant's new place of business located at 1807 E Street, San Diego, San Diego County, California; that defendant is, and is held to be, in contempt of this court and the plaintiff is entitled to, and is hereby given, additional judgment on contempt as follows:

(b) Its expenses in bringing the aforesaid contempt to the attention of the court, reasonable attorneys' fees and attorneys' expenses, and cost of investigations and preparation, which are hereby fixed at $9,998.

(c) The profits of the defendant arising out of the violation of the decree herein and an accounting thereof. Reference to be made to Leslie S. Bowden, Esq. as a Master to take testimony and ascertain and make findings thereon to this Court.

(d) Taxable court costs as shown by tax bill to be filed.

Provided, however, that should the defendant within thirty days after this Order file with this Court its consent that the decree of this Court dated October 26, 1951, be modified by restoring it to its original condition before its modification by the opinion of the Court of Appeals in Sunbeam Corporation v. Sunbeam Furniture Corp., 9 Cir., 1951, 191 F.2d 141, 145, so as to forbid the defendant from using the word "Sunbeam" as a part of its corporate name whether in conjunction with the words "Furniture Corp." "Warehouse" or any other business or mercantile establishment; and should it, thereafter, within ninety days after entry of the modified decree,

change its corporate name under the laws of California by eliminating the use altogether from its corporate title of the word "Sunbeam" or any simulation thereof, then, and in that event, items (b), (c), and (d) of this Order to be ineffective and become null and void. Otherwise they are to be in full force and effect.

## Comment.

 The evidence before the Court shows conclusively that the defendant in San Diego County is now getting "a free ride" on the "Sunbeam" name as its predecessor did. Had the original Order which forbade the defendant to use the word "Sunbeam" in its corporate name been allowed to stand, I am certain that the original defendants would have been spared the judgment of $6,163.96, entered against them on December 23, 1953, for violating the injunction through undue emphasis on the word "Sunbeam". The evidence before the Court shows a continued and willful violation through advertising, posters, and other means. Indeed, the radio commercials alone show an attempt to trade upon the Sunbeam name because, in advertising appliances, they are referred to as *"nationally advertised"*. So it is quite obvious that the only solution to the problem is to restore the original Order. However, that portion of the judgment having become final, I doubt my power to do so. Nor do I desire to be placed in a position of going counter to the decision of the Court of Appeals, despite the fact that the subsequent events have shown that the modification has proved unrealistic and costly to the defendant for whose benefit it was made, and that the only lasting solution of the problem is the one originally proposed, i. e., to *forbid* the use of the word "Sunbeam" in any form by the original defendant who is a late-comer in the field, and who deliberately chose the word as a part of its corporate name because of its established value in the trade.

Courts often condition denial of a new trial upon a voluntary reduction of the verdict. See Dimick v. Schiedt, 1934, 293 U.S. 474, 482–484, 55 S.Ct. 296, 79 L.Ed. 603. By analogy, I am giving the defendant in this case the opportunity of saving the many thousands of dollars assessed and to be assessed against him for his contempt by voluntarily agreeing to a modification of the judgment which, in my opinion, will forever remove the temptation to "ride" on the plaintiff's name and good will.

Hence the ruling above made.

Findings of fact, conclusions of law and final judgment and decree on order to show cause re contempt
April 20, 1956.

### Findings of Fact.

This Court having considered the affidavits and exhibits filed, and having heard the arguments of counsel, does hereby find that:

1. The defendant, Sunbeam Furniture Corp., has willfully, knowingly, and deliberately violated the Final Decree of this Court entered October 26, 1951, as modified by the decree dated December 7, 1953, until shortly prior to the hearing herein on February 13, 1956, in having sold or offered for sale electric lamps bearing the trademark Sunbeam and in having used the name Sunbeam in connection with the advertising, sale, and offering for sale of lamps and other electrical appliances at the defendant's new place of business located at 1807 "E" Street, San Diego, San Diego County, California.

2. The aforesaid defendant, Sunbeam Furniture Corp., is now getting a "free ride" on plaintiff's name and trademark Sunbeam.

3. Said defendant has continued willfully to violate, through advertising and other means, the aforesaid orders of this Court.

4. Said defendant's radio commercials alone show an attempt to trade upon the plaintiff's name and trademark Sunbeam.

5. Events subsequent to the decision of the Court of Appeals herein have shown that the modification of the de-

cree by the Court of Appeals was unrealistic and costly to the aforesaid defendant for whose benefit it was made.

6. Said defendant, who is the latecomer in the field, deliberately chose the word Sunbeam as a part of its corporate name because of its established value in the trade.

7. Plaintiff's attorneys fees and attorneys expenses and the cost of plaintiff's investigations and preparation in bringing the aforesaid contempt to the attention of the Court amount to and are fixed at $9,998 and are fair and reasonable.

8. Said defendant has used the name Sunbeam in connection with the advertising and sale of lamps and other household electrical appliances without the words "Furniture Corp." displayed in immediate juxtaposition thereto in corresponding emphasis, style, type, lettering and prominence.

9. Said defendant has committed acts calculated to induce the belief that the defendant, or its goods, are connected with plaintiff or its goods, to wit, the use of the word Sunbeam alone in advertising and the use of the phrases "Sunbeam Warehouse" and "Sunbeam Furniture Warehouse" in the advertising, promotion and sale of defendant's goods.

10. Plaintiff's representatives have received telephone calls intended for defendant, but directed to plaintiff, due to confusion in the minds of the persons calling as to the separate identities of defendant and plaintiff.

11. Persons who have heard the radio commercials of said defendant using the word Sunbeam have been confused into believing that they emanated from or were sponsored by plaintiff or a concern legitimately connected with plaintiff because of defendant's use of Sunbeam.

12. Said defendant offers for sale numerous electrical appliances including coffeemakers, mixers, steam irons, and electrical broilers similar to those sold by plaintiff under its trademark Sunbeam.

13. Said defendant engages in a retail business and advertises and sells furniture, lamps, and appliances, allegedly at discount prices, to the general public.

### Conclusions of Law.

1. The defendant, Sunbeam Furniture Corp., has willfully, knowingly and deliberately violated the final decree of this Court entered October 26, 1951 as modified by the decree dated December 7, 1953.

2. Said defendant is in contempt of this Court.

3. The plaintiff is entitled to additional judgment on contempt as follows:

(a) Plaintiff's expenses in bringing the aforesaid contempt to the attention of the Court, reasonable attorneys fees and attorneys expenses, and cost of investigations and preparation in the amount of $9,998.

(b) Defendant's profits arising out of the violation of the decrees herein and an accounting thereof.

(c) Taxable court costs.

(d) Provided that should the defendant within thirty days after March 14, 1956 file with this Court its consent that the decree of this Court, dated October 26, 1951, be modified by restoring it to its original condition as entered herein April 3, 1950 before its modification by the opinion of the Court of Appeals in Sunbeam Corporation v. Sunbeam Furniture Corp., 9 Cir., 1951, 191 F.2d 141,-145, which original decree reads as follows:

"That the defendants, their agents, servants, employees, privies, successors and assigns, and all holding by, through, or under them, be and the same are hereby perpetually enjoined and restrained from:

"a. Using or continuing to use the name Sunbeam in connection with their business, or any of the products which they manufacture or sell.

"b. Doing any act or thing calculated to induce the belief that the defendants, or their goods or products, are in any way connected with plaintiff, or its goods or products."

and should defendant thereafter, within ninety days after entry of said modified decree, change its corporate name under the law of California by eliminating the use altogether from its corporate title of the word Sunbeam or any simulation thereof, then, and in that event, items (a), (b) and (c) hereof shall be ineffective and become null and void. Otherwise, they are to be in full force and effect.

4. The only lasting solution of the problem arising out of defendant's use of the word Sunbeam is to forbid the use of the word Sunbeam in any form by the defendant.

5. Modification of the judgment as indicated in Conclusion No. 3 above will forever remove from the defendant the temptation to "ride" on the plaintiff's name and good will.

6. Courts often condition denial of a new trial upon a voluntary reduction of the verdict which is analogous to the foregoing opportunity afforded the defendant of saving the many thousands of dollars assessed and to be assessed against it for its contempt by voluntarily agreeing to a modification of the aforesaid judgment.

### Final Judgment.

It is hereby Ordered, Adjudged and Decreed as follows:

I. That the defendant, Sunbeam Furniture Corp., is held to be in contempt of this Court and the plaintiff is entitled to and hereby has judgment for:

(a) Its expenses in bringing the aforesaid contempt to the attention of the Court, reasonable attorneys fees and attorneys expenses and cost of investigations and preparations which are hereby fixed at $9,998.

(b) The profits of the defendant arising out of the violation of the decrees herein and an accounting thereof. Reference is hereby made to Leslie S. Bowden, Esq. as a Master to take testimony and ascertain and make findings thereon to this Court.

(c) Taxable costs as shown by tax bill to be filed.

II. Provided, however, that should the defendant within thirty days after March 14, 1956 file with this Court its consent that the decree of this Court, dated October 26, 1951, be modified by restoring it to its original condition as entered herein April 3, 1950, before its modification by the opinion of the Court of Appeals in Sunbeam Corporation v. Sunbeam Furniture Corp., 9 Cir., 1951, 191 F.2d 141, 145, which original decree reads as follows:

"That the defendants, their agents, servants, employees, privies, successors, and assigns, and all holding by, through, or under them, be and the same are here perpetually enjoined and restrained from:

"a. Using or continuing to use the name Sunbeam in connection with their business, or any of the products which they manufacture or sell.

"b. Doing any act or thing calculated to induce the belief that the defendants, or their goods or products, are in any way connected with plaintiff, or its goods or products."

and should defendant thereafter, within ninety days after entry of said modified decree, change its corporate name under the law of California by eliminating the use altogether from its corporate title of the word Sunbeam or any simulation thereof, then, and in that event, items (a), (b) and (c) of Paragraph I of this order to be ineffective and become null and void. Otherwise, they are to be in full force and effect.