## CIRCUIT COURT OF FAIRFAX COUNTY

ICAFS, Inc.

v.

General Services Corp.

February 16, 1988

Case No. (Chancery) 102298

By JUDGE THOMAS A. FORTKORT

In the case at bar, Petitioner, ICAFS, Inc., seeks to enjoin Defendant, General Services Corporation, from using its corporate name which is the same as Petitioner's trade name. The corporation name is registered with the State Corporation Commission, and the Petitioner's trade name is listed in the fictitious name index of its home county.

This case is an outgrowth of a suit for injunctive relief by General Services Corporation against ICAFS in which the Corporation sought to deny ICAFS the use of its trade name. In that suit, defendant, ICAFS, prevailed because its trade name preceded the corporation's corporate name by several years.

General Services Corporation presently does not sell any products. It intends to market some products to the general public in the near future.

ICAFS t/a General Services Corporation is a management service which oversees several rental units in the Richmond

metropolitan area. In the past few years, sixteen suits have been mistakenly filed against General Services Corporation by persons intending to sue ICAFS. ICAFS seeks to enjoin General Services Corporation from the use of that name and prays that the Court direct the defendant corporation to surrender its name to ICAFS.

1. *Use of Similar Trade or Corporate Names.*

There are very few cases involving rights to a name used in both a trade and corporate capacity. The common conflict is either trade name versus trade name or corporate name versus corporate name. Corporate names are protected because state statutes forbid one corporation from adopting a name similar to that of another. *E.g.,* Va. Code Section 13.1-829; *see also,* Annot., 66 A.L.R. 948 (1930). However, corporate names receive no greater protection than trademarks or trade names. *See Lawyers Title Insurance Co. v. Lawyers Title Insurance Corp.,* 109 F.2d 35, 42 (D.C. Cir. 1939), *cert. denied,* 309 U.S. 684 (1940).

The fact that a corporate name is approved by a state corporation commission does not give it priority over other names in infringement cases. Normally, no judicial weight will be given to the state agency's approval in litigation of this sort. 1 McCarthy, *Trademarks and Unfair Competition* § 9.3 (2d ed. 1984). Therefore, in determining the parties' rights in a corporate/trade name dispute, the Court must resort to general trademark principles. *Id.* at § 9.1. *See also, American Steel Foundries v. Robertson,* 269 U.S. 372, 380 (1926) (name of a corporation seems more like a trade name than a trademark, but the difference is usually immaterial since protection is based on the same principles).

2. *General Principles of Trade Name Infringement.*

Plaintiff claims that Defendant's choice of a corporate name infringes on the trade name Plaintiff has used for a number of years. Two elements must be present to constitute unfair competition with respect to a trade name: (1) the name must have acquired a secondary meaning and (2) the defendant has unfairly used the name or a simulation of it. *Rosso and Mastracco v. Giant Food,* 200 Va. 159,

164-65 (1958), (*quoting*, Annot., 1950 A.L.R. 1067, 1076 (1944)).

A. *Secondary Meaning.*

A name takes on a secondary meaning when the words have, in addition to their dictionary definition, an association with the particular product or business. Put another way: "secondary meaning exists if in fact a substantial number of present or prospective customers understand the designation when used in connection with a business to refer to a particular person or business enterprises." *Food Fair Stores, Inc. v. Lakeland Grocery Corp.*, 301 F.2d 156 (4th Cir. 1962). *See also*, *Rosso*, 200 Va. at 164 (definition of secondary meaning). It is probably fair to say that Plaintiff's name has taken on a secondary meaning in the Richmond area rental properties management market.

B. *Unfair Competition*

The second element of unfair competition is defendant's unfair use of the name or simulation thereof. "Unfair" is not necessarily synonymous with "intent to deceive." Use of the name is unfair if it diverts trade or confuses the public, results which may occur in spite of good faith on the part of the infringer. Therefore, Plaintiff need not prove deception or fraudulent intent, *see*, *Eagle Clothes, Inc. v. Frankel*, 238 F. Supp. 8 (E.D. Va. 1964), but rather only that the names are similar and confusing.

The essence of unfair competition, then, is the confusion of customers who think they are purchasing the goods or services of Company A, but due to the similarity of names, are actually dealing with Company B. This, in effect, defrauds the entity which originally established the good will associated with the now infringed name. *See*, *Household Finance Corp. of Delaware v. Household Finance Corp. of West Virginia*, 11 F. Supp. 3, 7 (N.D. W. Va. 1935).

1. *Confusion.*

Confusion is measured from the viewpoint of a prospective customer exercising ordinary caution in his dealings.

*Rosso*, 200 Va. at 165. It is the *potential* for confusion which must be demonstrated, rather than *actual* confusion. In *Food Fair Stores, Inc.*, 301 F.2d at 161, a federal court, applying Virginia common law in diversity, said: "The absence of any witness testifying that he had actually been deceived as a consumer does not refute the deceptive character of the . . . business."

### 2. *Application of Trade Mark/Name Principles.*

Applying the undisputed facts to the principles just mentioned, it is clear that Plaintiff has failed to demonstrate the second element of unfair competition. No trade has been diverted; no prospective customers have been confused. There is no showing that Defendant's name is even known to Plaintiff's class of lessees. The only confusion concerns tenants (not prospective customers) who are given Defendant's name and address by the State Corporation Commission and consequently sue the wrong party. (Perhaps this problem could be remedied by a notation on the SCC's records referring inquirers to the fictitious name index.)

Businesses do not have property rights to a name in the sense that they "own" a certain arrangement of words. Rather, businesses have rights to the *good will* associated with the name. The purpose of trademark law is to protect the underlying *business* and not the *name*. *See Grand Lodge I.B.P.O. Elks v. Grand Lodge I.B.P.O. Elks*, 50 F.2d 860, 865 (4th Cir. 1931), (*quoting* Lord Justice Gifford in *Lee v. Haley*, L.R. 5 Ch. App. Cas. 154 (1869)), (there is no property in the name, but a fraud on one who established a trade under that name). Plaintiff has failed to show how its *business* might be jeopardized by Defendant's corporate name when Defendant operates in a different geographical location, in a different line of work, and does not trade under the disputed name. Plaintiff's claim can survive only if the alleged infringement threatens to harm or divert Plaintiff's trade.

### 3. *Limited Protection.*

This is not to say that at some future time, as both businesses expand, the parties may find themselves in

the same geographical market. At that point, Plaintiff may be able to demonstrate the need for an injunction. Even then, however, the injunction should be drawn as narrowly as possible, touching only those uses of the name which are likely to cause confusion. In his treatise on Trademarks and Unfair Competition, the author suggests a situation where both names can be retained:

> in some factual situations, defendant's corporate name is *not* before the public so as to cause confusion, while use of that name as a trademark *is* so used. In such cases, defendant may be enjoined from use of the name as a mark, but not from use as a corporate name. That is, if defendant's use of the term as a corporate name does not cause confusion, but his use of the term as a trademark does, then the former use can be continued, but the latter will be enjoined.

1 McCarthy, *Trademarks and Unfair Competition* § 9.1 (2d ed. 1984). The limited protection suggested by the treatise was utilized by the Ninth Circuit in the *Sunbeam Furniture Corp.* case and by the Eastern District Court in *Liberty Mutual Insurance Co.* following. In *Sunbeam Furniture Corp. v. Sunbeam Corp.*, 191 F.2d 141 (9th Cir. 1951), the Ninth Circuit upheld an order enjoining a California corporation from affixing the word "sunbeam" on their lamp products but found error in enjoining the corporation from use of the name "Sunbeam Furniture Corporation." In the absence of market competition or confusion of source, the phrase was not fanciful enough to warrant broad protection. *See also, Liberty Mutual Insurance Co. v. Liberty Insurance Co. of Texas*, 185 F. Supp. 895 (E.D. Ark. 1960) (trademark enjoined but permitted to retain full corporate name).

### 4. *Balancing of Interests.*

The familiar principles of trademark law do not mandate an injunction in this case. The essential element of harm to Petitioner's trade is not proven or even forcefully alleged. The confusion that exists in the use of this name by two entities occurs in the prosecution of lawsuits against the defendant where these suits are

intended to be against the Petitioner. That confusion may be lamentable, but it does not affect Petitioner's trade, existing or potential.

Each of these parties has a right to use this name in a lawful manner. Each party has sought the limited protections of its name by registering the name in the forum which deals with the use intended by the prospective parties. Until some demonstration of conflict in trade is made, the Court may not issue a broad injunction against the use of the name.

Plaintiff also prays for an order instructing Defendant to forward to Plaintiff within twenty-four hours of receipt any and all legal papers mistakenly served upon Defendant. In the use of the limited protection doctrine, this Court will direct the defendant to notify the petitioner of any suit mistakenly served upon the defendant, as well as all other parties to such suit of the erroneous service within two working days of any such service upon the defendant. The notice must advise all parties to the suit of the similar name and refer the parties to the correct corporate name and to the fictitious name index in the county where the fictitious name is filed.