General Charles E. "Chuck" YEAGER (Ret.), Plaintiff,

v.

CINGULAR WIRELESS LLC; Bellsouth; SBC Communications; American Telephone & Telegraph; and Does 1 to 200, inclusive, Defendants.

No. CIV. S–07–2517 FCD GGH.

United States District Court, E.D. California.

June 12, 2008.

Robert G. Eliason, Wild, Carter & Tipton, Fresno, CA, for Plaintiff.

Andrew W. Stroud, Mennemeier Glassman and Stroud, Sacramento, CA, O. Yale Lewis–Phv, Jr., Whitney I. Furman–Phv, Hendricks and Lewis, Seattle, WA, for Defendants.

*MEMORANDUM AND ORDER*

FRANK C. DAMRELL, JR., District Judge.

This matter is before the court on defen-

dant AT & T Mobility LLC's [1] ("defendant" or "AT & T") motion to dismiss plaintiff General Charles E. Yeager's ("plaintiff" or "Yeager") complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motions. For the reasons set forth below,[2] defendant's motion is DENIED.

## BACKGROUND

Plaintiff Yeager is a retired General Officer of the United States Air Force. (Compl., filed Nov. 21, 2007, ¶ 5.) He served in the Air Force during World War II as a fighter pilot, flying P–51 Mustangs. (*Id.*) During one mission, Yeager was shot down, evaded capture, and aided local resistance forces. (*Id.*) He escaped from behind enemy lines to American control and resumed his duties. (*Id.*) He is one of the few American fighter pilots to become an "ace in a day," by downing five enemy fighters in one mission. (*Id.*)

After World War II, Yeager became a test pilot. (*Id.* ¶ 6.) In that capacity, he became the first person to break the speed of sound, known as Mach 1. (*Id.*) Shortly thereafter, he became the first person to exceed 2.4 times the speed of sound, known as Mach 2. (*Id.*) He subsequently set and/or broke additional aviation and speed records. (*Id.*) He has been featured, recognized, and honored for his accomplishments by persons and entities such as Marshall University, the State of West Virginia, President Ford, the National Aviation Hall of Fame, President Rea-

gan, and the Aerospace Walk of Honor. (*Id.*)

Yeager has utilized his name, identity, and image. (*Id.* ¶ 8.) He served as a spokesman for AC Delco Corp., which saw its sales increase as a result of the use of his name, likeness, identity, and endorsement. (*Id.*) He has spoken to various groups, organizations, and committees. (*Id.*) He has been featured on the cover of numerous magazines as a result of his actions, status, and historical activities. (*Id.*) Yeager charges and receives a fee for the commercial use of his name, image, and/or identity, and charges for any endorsements of products or companies. (*Id.*)

On approximately May 17, 2006, defendant [3] issued an advertising/promotional article (the "publication") styled as a "Press Release." (*Id.* ¶ 14.) The publication was intended to highlight the reliability, durability, and security of defendant's cellular communications network. (*Id.*) It focused upon defendant's launching of a new service designed to respond to disaster or emergencies to ensure the continued provision of cellular service. (*Id.*) Specifically, the publication provides, in relevant part:

> Nearly 60 years ago, the legendary test pilot Chuck Yeager broke the sound barrier and achieved Mach 1. Today, Cingular is breaking another kind of barrier with our MACH 1 and MACH 2 mobile command centers, which will enable us

---

**1.** On March 27, 2008, pursuant to the parties' stipulation, the court ordered that AT & T Mobility, LLC be substituted as defendant and that all other named defendants were dismissed without prejudice. (Stip. & Order [Docket # 12], filed Mar. 27, 2008.)

**2.** Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. *See* E.D. Cal. L.R. 78–230(h).

**3.** The complaint alleges that defendant Cingular Wireless LLC issued the material, but the Stipulation and Order was based upon plaintiff's reliance upon express representations that defendant AT & T was responsible for the publication of the material that is the subject of this action. (Stip. & Order [Docket # 12].)

to respond rapidly to hurricanes and minimize their impact on our customers. (*Id.* ¶ 15; Ex. 1 to Compl.) Plaintiff alleges that by utilizing his name and identity in the article, defendant impaired his ability to negotiate representation agreements with other cellular and wireless service providers. (*Id.* ¶ 18.)

Plaintiff brings claims for (1) violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) violation of California common law right to privacy/right to control publicity and likeness; (3) violation of California Civil Code § 3344; (4) unjust enrichment; (5) violation of California Business and Professions Code § 17200; and (6) violation of California False Advertising Act. Defendant moves to dismiss all of plaintiff's claims.

## STANDARD

On a motion to dismiss, the allegations of the complaint must be accepted as true. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn,* 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. *See id.*

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643 n. 2 (9th Cir.1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz ˙ v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

## ANALYSIS

Defendant moves to dismiss plaintiff's claims on the basis that (1) the reference to plaintiff's name is protected by the First Amendment; (2) plaintiff's trademark claims fail as a matter of law; (3) the reference to plaintiff's name was incidental and constituted permissible fair use; and (4) all his remaining claims are substantially congruent and thus, also fail as a matter of law.

### A. First Amendment

 Defendant first contends that the use of plaintiff's name in the publication is protected by the First Amendment because the material was a "news release" and addresses a matter of public interest. Plaintiff contends that the publication was not news, but commercial speech that sought to capitalize upon plaintiff's popularity, recognition, and appeal.

 The use of a plaintiff's identity is not actionable where the publication relates to matters of the public interest, "which rests on the right of the public to know and the freedom of the press to tell

it." *Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1001 (9th Cir.2001) (quoting *Montana v. San Jose Mercury News, Inc.,* 34 Cal.App.4th 790, 793, 40 Cal.Rptr.2d 639 (1995)). "The First Amendment defense extends 'to almost all reporting of recent events,' as well as to publications about 'people who, by their accomplishments, mode of living, professional standing, or calling, create a legitimate and widespread attention to their activities.'" *Id.* (quoting *Eastwood v. Superior Court,* 149 Cal.App.3d 409, 422, 198 Cal.Rptr. 342 (1983)). However, under both Ninth Circuit and California law, commercial speech is actionable when a "plaintiff's identity is used, without consent, to promote an *unrelated* product" of a defendant. *Gionfriddo v. Major League Baseball,* 94 Cal.App.4th 400, 413, 114 Cal.Rptr.2d 307 (2001) (citing *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691–94 (9th Cir.1998); *Abdul–Jabbar v. Gen. Motors Corp.,* 85 F.3d 407, 416 (9th Cir.1996); *Waits v. Frito–Lay, Inc.,* 978 F.2d 1093, 1097–98 (9th Cir.1992); *White v. Samsung Electronics Am., Inc.,* 971 F.2d 1395, 1396 (9th Cir.1992); *Midler v. Ford Motor Co.,* 849 F.2d 460, 461 (9th Cir.1988)). Where the use of a plaintiff's identity in an advertisement is merely illustrative of a commercial theme or product and does not contribute significantly to a matter of public interest, a defendant cannot avail itself of the First Amendment defense. *Downing,* 265 F.3d at 1002–03 (holding that the First Amendment defense was inapplicable where the use of plaintiff's photograph was used "essentially as window-dressing to advance the catalog's" theme).

In this case, plaintiff alleges that defendant's publication was an "advertising/promotional article styled as a 'Press Release" and was intended to highlight the reliability, durability, and security of defendant's cellular communications network. (Compl. ¶ 14.) On a motion to dismiss, the court must take as true plaintiff's allegation that the article, although titled as a "news release," was really an advertisement. Viewing the allegations in the light most favorable to the plaintiff and drawing all reasonable inferences therefrom, the complaint sufficiently alleges that defendant used plaintiff's name and reputation for its own advantage to promote an unrelated product or theme. These allegations are not contradicted on their face by the text of the publication attached to the complaint.[4]

Defendant argues in both its moving papers and reply brief that the publication is a news release on emergency preparedness and thus, asks the court to make a determination that it is entitled to First Amendment protection as a matter of law. At this stage of the litigation, where the court may only look at the allegations in the complaint and must view those allegations in the light most favorable to the plaintiff, the court cannot make such a determination. Nor has defendant cited the court any case where a court has made such a determination on a motion to dismiss. Therefore, in light of the procedural posture of this motion and the allegations set forth in the complaint, the court cannot find that defendant may avail itself of the First Amendment defense as a matter of law.[5]

---

4. The court notes that it is not making a finding, as a matter of law, regarding the nature or interpretation of the publication. Rather, the court merely notes that, on a motion to dismiss, the publication could be read consistently with plaintiff's allegations.

5. The court also notes that defendant is not precluded from raising these arguments at a later stage in the litigation where the court would apply a different standard of review and may properly consider evidence.

## B. Trademark

Defendant also contends that plaintiff's trademark claims fail as a matter of law because his achievements in breaking the sound barrier are within the public domain. Plaintiff contends that he has sufficiently alleged a claim under the Lanham Act, 15 U.S.C. § 1525(a), through defendant's unauthorized use of his name and identity in connection with the alleged advertisement.

■ A false endorsement claim is actionable under the Lanham Act where a party can show that the use of any false or misleading representation of fact is "likely to deceive consumers as to the association, sponsorship, or approval of goods or services by another person." *Waits v. Frito–Lay, Inc.*, 978 F.2d 1093, 1107 n. 7 (9th Cir.1992); 15 U.S.C. § 1525(a). In order to prevail on a false endorsement claim, a plaintiff must demonstrate that the alleged advertisement created a likelihood of confusion over whether the plaintiff was endorsing defendant's product. *White v. Samsung Electronics Am., Inc.*, 971 F.2d 1395, 1399–1400 (9th Cir.1992) (internal citations omitted).

■ In this case, plaintiff alleges that the use of plaintiff's name and identity was both unauthorized and likely to cause confusion by consumers as to the affiliation, connection, and/or association of plaintiff with defendants. Viewing the publication in light of plaintiff's allegations, which the court must accept as true, plaintiff has sufficiently stated a claim for false endorsement in violation of the Lanham Act.

Defendant argues that plaintiff's achievement in breaking the sound barrier is a matter common to all and thus, plaintiff does not have an actionable interest in the publication. Defendant relies primarily on the Ninth Circuit's decision in *Nancy Ann Storybook Dolls, Inc. v. Dollcraft, Co.*, 197 F.2d 293 (9th Cir.1952). However, the facts of *Nancy Ann* are clearly distinguishable from the facts alleged in plaintiff's complaint. In *Nancy Ann*, the plaintiff, a marketer of dolls, brought suit against a competing manufacturer, asserting that it was infringing its trademarks in the names Storybook, Goldilocks, Little Bo–Peep, June Girl, Mistress Mary, Little Miss Donnett, Red Riding Hood, Little Miss Muffett, and Story. 197 F.2d at 295. The Ninth Circuit noted that the names for which the plaintiff sought protection identified "characters well-known in the literature of childhood for scores of years" and that those names were descriptive of those characters, not the output of the plaintiff. *Id.* The court further noted that manufacturers cannot reach into the public domain and appropriate portions for their exclusive use. *Id.* Therefore, the court held that the plaintiff did not have an actionable trademark claim.

Conversely, in this case, plaintiff's interest in his name and identity was created by his own actions. None of the allegations in the complaint support defendant's analogy that plaintiff is attempting to take a name or identity that has already passed into the public domain and appropriate it for his own use. As such, at this stage in the litigation, defendant's argument that plaintiff does not have an actionable interest in his name and identity under the Lanham Act is unavailing.

## C. Defenses

Defendant next contends that the use of plaintiff's name in the publication is not actionable because the use was merely incidental, and because it constituted permissible fair use. Plaintiff argues that defendant's alleged defenses are premature and should not be considered on a motion to dismiss.

■ On a motion to dismiss, the court's analysis is limited to facts alleged in the pleadings, and all reasonable inferences

must be construed in the light most favorable to the plaintiff. *See Cruz*, 405 U.S. at 322, 92 S.Ct. 1079; *Schermerhorn*, 373 U.S. at 753 n. 6, 83 S.Ct. 1461. In this context, the court generally agrees that it would be highly unusual for a court to dismiss a complaint on the basis that a defendant has proven an affirmative defense. *Designer Skin, LLC v. S & L Vitamins, Inc.*, CV 05–3699, 2007 WL 841471 (D.Ariz. Mar.19, 2007). However, where the court can discern from the face of the pleadings that an affirmative defense applies as a matter of law, dismissal pursuant to Rule 12(b)(6) may be appropriate. *See Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n. 1 (9th Cir.1997) ("A plaintiff may plead herself out of court.") (quotations and citation omitted).

### 1. Incidental Use

■■■■ Defendant contends that plaintiff's claims fail because defendant's reference to plaintiff in the publication constituted incidental use.[6] "Whether the incidental use doctrine is applicable is determined by the role that the use plays with respect to the entire publication." *Id.* The rationale for the incidental use defense is that an incidental use has no commercial value. *Pooley v. National Hole–In–One Ass'n*, 89 F.Supp.2d 1108, 1112 (D.Ariz.2000). Generally, "a plaintiff's name is not appropriated by mere mention of it." Restatement (Second) of Torts § 652C, comment *d.* Moreover, a claim may not be actionable when the value of a plaintiff's likeness is not appropriated because "it is published for purposes other than taking advantage of his reputation, prestige, or other value associated with him." *Id.*

■■■■ Plaintiff has alleged that the reference to plaintiff was made for defendant's "pecuniary gain and profit," was done to support defendant's "business activities," and is "directly related to the goods and services" defendant provides. (Compl. ¶¶ 24, 40.) When plaintiff's allegations are given the benefit of every reasonable inference, and these allegations are read in conjunction with the publication, plaintiff has sufficiently pled that defendant's reference to plaintiff in the publication was made to take advantage of his reputation, prestige, and value associated with him, and thus, not incidental.[7] Moreover, defendant has failed to cite any case where, on a motion to dismiss, a court has dismissed a claim based upon the applicability of the incidental use defense. *See Seale v. Gramercy Pictures*, 964 F.Supp. 918 (E.D.Pa.1997) (summary judgment); *Vinci v. American Can Co.*, 69 Ohio App.3d 727, 591 N.E.2d 793 (1990) (same). Therefore, the court cannot determine as a matter of law that defendant's reference to plaintiff in the publication was merely incidental and thus, not actionable.

---

**6.** It is not clear from defendant's motion and the cases cited in support of this argument whether it is asserting incidental use as a defense to only plaintiff's Lanham Act and California False Advertising Act claims or to all of plaintiff's claims. Incidental use is generally raised as a defense to claims based on right of publicity or misappropriation of name or likeness. *See Pooley v. National Hole–In–One Ass'n*, 89 F.Supp.2d 1108 (D.Ariz.2000); *Henley v. Dillard Dept. Stores*, 46 F.Supp.2d 587 (N.D.Tex.1999); *see also* Restatement (Second) of Torts § 652C, comment *d.* However, because as set forth, *infra*, the court cannot determine that this defense applies at this stage in the litigation, the court will assume that defendant is asserting incidental use as a defense to all of plaintiff's claims.

**7.** The court again notes that it is not making a finding, as a matter of law, regarding the interpretation of the publication. The court also notes that defendant is not precluded from raising these arguments at a later stage in the litigation where the court would apply a different standard of review and may properly consider evidence.

### 2. Permissible Fair Use

 Defendant also contends that its reference to plaintiff in the publication constitutes nominative fair use. The Ninth Circuit has distinguished between two types of fair use: " 'classic fair use,' in which 'the defendant has used the plaintiff's mark to describe the defendant's own product,' and 'nominative fair use,' in which the defendant has used the plaintiff's mark 'to describe the plaintiff's product' for the purpose of, for example, comparison to the defendant's product." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150 (9th Cir.2002) (citing *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir.1992)). The nominative fair use defense is applicable "where the use of a trademark does not attempt to capitalize on consumer confusion or to appropriate the cachet of one product for a different one." *New Kids on the Block*, 971 F.2d at 307–08.[8] As such, nominative fair use "does not implicate the source-identification function that is the purpose of the trademark." *Id.* at 308. Accordingly, "it does not constitute unfair competition; such use is fair because it does not imply sponsorship or endorsement by the trademark holder." *Id.*

 To establish whether the use of a mark constitutes nominative fair use, a defendant must meet three requirements:

First, the product or service in question must be one not readily identifiable without use of the trademark; second, only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and third, the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.

*Id.*

 Defendant contends that, with respect to the third element, nothing in the publication suggests that plaintiff sponsors, endorses or has ever benefitted from any of defendant's products or services. To support this contention, defendant argues that only one reference to plaintiff was made in the publication, that the reference was not made in connection with any product or service that was for sale, and that the publication was not an advertisement.

 In his complaint, however, plaintiff has alleged that the publication is an "advertising/promotional article." (*Id.* at ¶ 14.) Moreover, plaintiff has also alleged that the reference to him in the publication:

constituted a false or misleading description of fact or misrepresentation of fact that is likely to cause confusion to consumers, and deceives consumers as to the affiliation, connection and/or association of Plaintiff with Defendants.

(Compl. ¶ 41.) These allegations are not contradicted by other allegations in the complaint or the publication itself. Therefore, the court cannot find as a matter of law that defendant's reference to plaintiff in the publication makes no suggestion of sponsorship or endorsement by plaintiff. Thus, defendant's assertion that the nominative fair use defense applies is premature.[9]

---

**8.** Unlike incidental use, nominative fair use has often been applied as a specific defense to claims under the Lanham Act. *See New Kids*, 971 F.2d at 306; *Abdul–Jabbar*, 85 F.3d at 412.

**9.** Since the test for nominative fair use is conjunctive, all elements must be met for the defense to apply. *See New Kids*, 971 F.2d at

308. Therefore, it is not necessary at this time for the court to discuss the other elements.

Further, defendant has again failed to cite any case where, on a motion to dismiss, a court has dismissed a claim based upon the nominative fair use. *See New Kids*, 971 F.2d 302 (summary judgment); *Abdul–Jabbar*, 85 F.3d 407 (same); *Cairns*, 292 F.3d 1139

## D. Plaintiff's Remaining Claims

Finally, defendant contends that plaintiff's claims for violation of California Business and Professions Code § 17200, violation of California False Advertising Act, and unjust enrichment must be dismissed because they are substantially congruent to plaintiff's other claims. Because, as set forth above, the court finds defendant's prior arguments unpersuasive, defendant's motion to dismiss the remaining state law claims is also DENIED.

## CONCLUSION

Therefore, for the foregoing reasons, defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

(same); *Wham–O, Inc. v. Paramount Pictures, Corp.,* 286 F.Supp.2d 1254 (N.D.Cal.2003)

(temporary restraining order).